904 F.2d 699
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wallace S. DAVIS, Plaintiff-Appellant,
v.
C. BAYLESS, Food Service Supervisor; Edward W. Murray,
Director of Corrections; C.D. Larsen,
Manager-Classifications and Records; R.A. Young, Regional
Administrator; David A. Garraghty, Warden, N.C.C.; K.
Osborne, N.C.C. Asst. Warden-Security; LT. Bennette,
N.C.C.; G. Gardy, Sgt. N.C.C.; Sunny Collette, Records
Custodian; Mr. Brown, Chairman Adjustment Committee,
Defendants-Appellees.
 No. 89-6531.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 24, 1990.
Decided: May 24, 1990.
Rehearing and Rehearing In Banc Denied June 6, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (C/A No. 87-1105-AM).
 Wallace S. Davis, appellant pro se.
 Eric Karl Gould Fiske, Office of the Attorney General of Virginia, Richmond, Va., for appellees.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Wallace S. Davis appeals from the district court order granting summary judgment against his claims brought pursuant to 42 U.S.C. Sec. 1983. We find that Davis's claims of cruel and unusual punishment, racial discrimination, and retaliation are without merit and affirm judgment on those claims on the reasoning of the district court. We also agree that there is no merit to Davis's claim that he was denied the procedural protection he was due in his disciplinary hearing, but for reasons different from those given by the district court.
 
 
 2
 D.A. Garraghty, warden of Deerfield Correctional Center, submitted an affidavit acknowledging that one of the witnesses Davis wished present for his hearing did not appear to testify and Davis was not allowed to read the witness's statement into the record. Because the defendants offered no explanation for why this witness was not made available to Davis, it cannot be said that his disciplinary hearing comported with the procedural requirements of Wolff v. McDonnell, 418 U.S. 539 (1974). See Ponte v. Real, 471 U.S. 491, 497 (1985). Nor can it be said that Davis's due process claim was mooted by the fact that the disciplinary charge against him was ultimately dismissed and expunged from his prison record. If Davis suffered a violation of his right to due process, he would still be entitled to nominal damages. Carey v. Piphus, 435 U.S. 247, 266 (1978).
 
 
 3
 All of this having been said, we nevertheless find no merit to Davis's claim. Davis states that the only penalty he suffered as a result of his conviction on the disciplinary charge was a written reprimand. As no isolation or loss of good time credits was involved, the procedural protections outlined in Wolff v. McDonnell, supra, were not constitutionally required. To the extent any other liberty interests were at stake, Davis received all of the procedural protection he was due as a matter of constitutional law. See Hewitt v. Helms, 459 U.S. 460, 476 (1983).
 
 
 4
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 AFFIRMED